IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-271-RJC-DCK

| | |
|---|---|
| GEORGE H. HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| SCOTT FORMAN, Shareholder Wal-Mart ) | |
| Stores, Inc. and JAMIE McCLEAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 7) filed August 21, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion and the record, the undersigned will respectfully recommend that the motion be granted.

## BACKGROUND

*Pro se* Plaintiff George H. Hamilton ("Plaintiff" or "Hamilton") initiated this action with the filing of a "Complaint" on June 11, 2019. (Document No. 1). The Complaint is brought pursuant to Title VII of the Civil Rights Act for employment discrimination and asserts that Scott Forman, Shareholder Wal-Mart Stores, Inc. ("Forman") and Jamie McClean ("McClean")(together, "Defendants") violated Plaintiff's "religious freedom" by failing to accommodate Plaintiff's "day of religious worship" during his employment at Wal-Mart. Id.

"Defendant's Motion To Dismiss" (Document No. 7) and "…Memorandum In Support Of Motion To Dismiss" (Document No. 7-1) were filed on August 21, 2020. Walmart Inc. ("Walmart") seeks dismissal of all Defendants "for lack of personal jurisdiction, insufficient

service of process, failure to comply with this Court's Order concerning payment of the filing fee, and failure to state a claim against the individual Defendants." (Document No. 1, p. 7).

Plaintiff's response was due by September 4, 2020, but none was filed. The undersigned then issued a "Roseboro Order" (Document No. 9) on October 1, 2020, notifying *pro se* Plaintiff that he had until **October 20, 2020** to respond to Defendant's Motion to Dismiss and that failure to respond would likely lead to dismissal of this lawsuit. To date no response has been filed, and the time to file a response has lapsed.

## DISCUSSION

Walmart first notes that the Court issued Summonses dated August 22, 2019, but that no proof of service has been filed as to either Defendant. See (Document No. 6). Moreover, even if the Summons were delivered, neither would have constituted proper service because they were "not directed to 'an officer, a managing or general agent, or any other agent by appointment or by law to receive service of process.'" Id. (quoting Fed.R.Civ.P. 4(h)). As such, Walmart concludes that the Complaint should be dismiss for insufficient service of process and lack of personal jurisdiction. Id.

Next, Walmart argues that Plaintiff has failed to make timely payments of the filing fee as directed by Judge Conrad. (Document No. 7-1, p. 4) (citing Document No. 3 and Local Rule 3.1(a)).

Walmart further argues that the Complaint fails to state a claim against Forman or McClean. (Document No. 7-1, pp. 4-5). Walmart notes that employers are solely liable for Title VII violations and that neither individual Defendant can be held liable in this case. Id.

Finally, Walmart argues that even if this Court allows Plaintiff additional time to serve the Complaint and pay his filing fee, Forman and McClean should be dismissed with prejudice,

and any further claim should be brought against Walmart Inc. as Plaintiff's former employer. (Document No. 7-1, p. 5).

The undersigned finds Walmart's arguments to be persuasive. Moreover, Plaintiff has failed to file any response to the pending motion or to seek additional time to do so, and has failed to comply with the payment of his filing fee. As such, it appears that Plaintiff may have abandoned this action.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss" (Document No. 7) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

David C. Keesler
United States    Signed: November 5, 2020